UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ECKSTROM,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFFREY BEARD, et al.,<br><br>        Defendants. | No. 2:16-cv-0275 KJM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner at the California Health Care Facility (CHCF) in Stockton, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted, and his complaint is dismissed with leave to file a First Amended Complaint subject to the legal standards set forth herein.

II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma

1

pauperis, ECF No. 8, will be granted.

As a result, plaintiff must, over time, pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

### III.  Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### IV. Screening of Plaintiff's Complaint

#### A. Plaintiff's Allegations

The complaint challenges the quality of mental health care plaintiff is receiving at CHCF and the refusal of the California Board of Parole Hearings (BPH) to transfer plaintiff to a treatment program within the California Department of Mental Health (DMH). Plaintiff describes a "Catch 22" in which the BPH, in 2006 and 2013, denied plaintiff parole (and, apparently, transfer to DMH), in deference to the assessments of Drs. Sargent, Oyeyemi and Sahni that plaintiff continues to require an intensive and structured therapeutic environment that plaintiff asserts he is not receiving within CDCR. Plaintiff references (but does not attach) inmate appeals which he describes as follows, ECF No. 1 at 13:

> My request for transfer and appeal were based on the following considerations: I am not getting the level of treatment found necessary by Dr. Sargent and Dr. Oyeyemi. I am not receiving 10 hours of therapy as counted by CMC prison. Time spent in "treatment" as counted by CMC in Tier Group was not treatment. The Group watched nature, history or music videos instead of treatment. Petitioner has been victimized by other inmates in CMC D-Quad. Petitioner is in need of a diagnostic evaluation as to whether he is schizoid or not for Parole Board and treatment purposes; CMC has refused to do the evaluation. The Parole Board is dissatisfied with petitioner's level of treatment as an EOP and refuses to parole petitioner on that basis.

Plaintiff identifies other alleged inadequacies in the mental health treatment he receives within CDCR, including an allegation that his current therapist is unlicensed. Id. at 18.

3

The complaint alleges that the BPH improperly relied on submitted psychological assessments to conclude that plaintiff's underlying crimes (including first degree murder) were the product of his mental illness, and thus indicative of his ongoing mental illness, despite the jury rejecting plaintiff's diminished capacity defense at trial. Plaintiff contends that, as a matter of due process, the BPH should rely on the findings of the jury or reconvene a parole reconsideration hearing that includes the live testimony of witnesses and a six-person jury to reach new and accurate findings concerning plaintiff's mental condition and entitlement to parole.

The complaint identifies two claims for prospective injunctive relief: (1) transfer of plaintiff to DMH; and (2) a new parole hearing. The complaint names two defendants: former CDCR Secretary Jeffrey Beard, and BPH Executive Officer Jennifer Shaffer. Plaintiff seeks only injunctive relief, explaining, ECF No. 1 at 22:

> The relief Petitioner requests in this complaint is: "Petitioner be paroled and he be sent to a Department of Mental Health Hospital for treatment and/or Petitioner be sent as a prisoner permanently to a Department of Mental Health Hospital until he is paroled." The above relief was exactly requested in Petitioner's Reply to Motion to Dismiss the Petition for Writ of Habeas Corpus [and] . . . in Petition for Writ of Habeas Corpus as part of the Statement of Ground One.

Plaintiff references a prior habeas petition he filed in the Central District of California, which included the same claims and was dismissed on December 13, 2013. See Eckstrom v. Valenzuela, Case No. SA CV 13-990-TJH (AS), see ECF Nos. 26, 30, 31. The Central District found plaintiff's first claim – that he was "not receiving proper mental health care and requests a transfer to a state mental hospital" – noncognizable in habeas but stated that it may be cognizable under 42 U.S.C. § 1983. The court also found that plaintiff's second claim – challenging the BPH's decision denying plaintiff parole – failed to state a procedural due process claim.

////
////
////
////
////

B. <u>Analysis</u>

1. <u>Defendants</u>

Defendants are sued only their official capacities for prospective injunctive relief.[1] A claim for prospective injunctive relief against a state official in his or her official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 92 (1989). "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." <u>Hartmann v. California Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1127 (9th Cir. 2013) (citing <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991), and <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985)).

2. <u>Claim One</u>

Plaintiff emphasizes that the relief he is requesting pursuant to Claim One "is the same as that required in Federal petition for Writ of Habeas Corpus SA-CV-13-0990 TJH-(AS) Central District," ECF No. 1 at 21, which is plaintiff's transfer to DMH for mental health treatment, either as a condition of his parole or until the date when he is paroled.

This relief is unavailable. Prisoners have no constitutional right to placement in a particular facility. <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224-5 (1976) (prisoners have no due process right to placement in a particular correctional facility or to prevent transfer from one correctional facility to another); <u>accord</u>, <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983). Thus, a prisoner cannot be transferred from CDCR to DMH upon request; moreover, such transfers implicate independent due process protections. <u>See</u> <u>Vitek v. Jones</u>, 445 U.S. 480, 494-95 (1980); <u>see also</u> <u>Williams v. Ige</u>, 2017 WL 3045885, at *2, 2017 U.S. Dist. LEXIS 109583 (D. Haw. July 14, 2017) (state prisoner "has no right to a transfer to the Hawaii State Hospital"), appeal

---

[1] Both defendants, named in their official capacities as state agency heads, are immune from damages suits under 42 U.S.C. § 1983. <u>See</u> <u>Atascadero State Hospital v. Scanlon</u>, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars suits against states in federal court); <u>Wolfe v. Strankman</u>, 392 F.3d 358, 364 (9th Cir. 2004) (as applied to state agencies). <u>See also</u> <u>Sellars v. Procunier</u>, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981) (BPH members, exercising their quasi-judicial responsibilities in rendering a decision to grant, deny or revoke parole, are absolutely immune from damages liability).

dismissed, 2017 WL 7036682, 2017 U.S. App. LEXIS 26490 (9th Cir. Dec. 21, 2017).

Because plaintiff cannot obtain the injunctive relief he requests, his claim for a transfer from CDCR to DMH must be dismissed. As a result, plaintiff is unable to state a cognizable claim for prospective injunctive relief against the CDCR Secretary,[2] who should also be dismissed from this action.

Nevertheless, plaintiff's allegations that he is receiving inadequate mental health treatment within CDCR may be framed as a cognizable Eighth Amendment claim for deliberate indifference to plaintiff's serious mental health needs. However, to properly state a cognizable claim, plaintiff must identify specific providers whose direct personal care of plaintiff has allegedly been constitutionally inadequate. The legal standards for stating a claim for deliberate indifference to serious medical needs, including serious mental health needs, are as follows:

> "In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).
>
> To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The subjective nature of this inquiry requires that a claim for deliberate indifference be directed to the challenged conduct of a specific defendant or defendants. The instant complaint

---

[2] Had the complaint stated a cognizable claim for prospective injunctive relief, the court would be required to substitute current CDCR Secretary Kernan for former CDCR Secretary Beard. See Fed. R. Civ. P. 25(d) (automatic substitution of successor to public official sued in his or her official capacity).

6

makes no allegations of deliberate indifference against any defendant.[3] Therefore, plaintiff will be granted leave to file a First Amended Complaint that attempts to state a cognizable claim against a proper defendant or defendants for deliberate indifference to his serious mental health needs.

### 3. Claim Two

In support of his Claim Two against the BPH and defendant Shaffer, plaintiff explains, id. at 24:

> I [was] explicitly denied in my then [former habeas corpus] Petition to urge a procedural due process claim. I now urge a procedural due process claim. This Claim will not give me a parole date but only proper procedural due process at Parole Board Hearings. The Claim can therefore be raised in a 42 USC 1983 Federal Civil Rights Lawsuit.

Plaintiff contends, as a matter of due process, that the BPH should rely on the findings of the jury at his trial (rejecting plaintiff's diminished capacity defense and convicting him of first degree murder) and/or convene a new parole hearing that includes witness testimony and findings by a six-person jury.

Dissatisfaction with a decision of the BPH does not support a cognizable due process challenge. As plaintiff was informed by the Central District, the federal due process protections accorded to state prisoners at parole hearings are very limited. As a threshold matter, "the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). If parole is offered, due process is satisfied when prisoners are "allowed to speak at their parole hearings and to contest the evidence against them," "afforded access to their records in advance," and "notified as to the reasons why parole was denied." Swarthout, 562 U.S. at 220. Plaintiff

---

[3] The instant complaint makes no allegations that former CDCR Secretary Beard was personally involved in plaintiff's mental health treatment at CDCR, or participated in or directed any decision denying plaintiff's request for transfer to DMH. A supervisor, such as the CDCR Secretary, cannot be liable under a theory of respondeat superior merely due to his supervisorial position. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011).

does not assert that he was denied these rights, only that he disagrees with the BPH decisions. Under Swarthout, the substance of the BPH decision is not subject to federal review: "[I]t is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 221. Plaintiff's request for the implementation of novel procedures at a new parole hearing are similarly noncognizable. "[T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Swarthout, 562 U.S. at 222.

For these reasons, plaintiff's due process claims premised on his request for a new parole hearing must be dismissed. As a result, plaintiff is unable to state a cognizable claim against BPH Executive Officer Jennifer Shaffer, who should also be dismissed from this action.

V. Leave to File a First Amended Complaint

Plaintiff will be granted leave to file a First Amended Complaint limited to a claim of deliberate indifference to his serious mental health needs. To accomplish this, plaintiff must allege facts that support the elements of a deliberate indifference claim, as set forth above, and "link" or "connect" his allegations of misconduct to a specific defendant or defendants directly responsible for providing plaintiff with mental health treatment. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citations omitted.) A complaint that fails to identify the specific acts of a defendant that allegedly violated plaintiff's rights fails to meet the notice requirements of Rule 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

To be cognizable, plaintiff's deliberate indifference claims must also be administratively exhausted through his inmate appeals process. "The Prison Litigation Reform Act of 1995

(PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). Plaintiff is informed that new claims based on actions that took place *after* the original complaint was properly filed are not barred under McKinney so long as the plaintiff exhausted the new claims *prior to filing the amended complaint*. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010); see also Akhtar v. J. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012). Moreover, new claims based on actions that took place *before* the original complaint was properly filed are not barred under McKinney so long as the plaintiff exhausted the new claims *prior to filing the amended complaint*. See Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014).

Subject to the legal standards set forth above, plaintiff may file a proposed First Amended Complaint (FAC) within thirty days after service of this order. The FAC must be on the form provided, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to any prior pleading. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading is superseded. The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

VI.     Summary

You are granted in forma pauperis status to proceed in this action; you will pay the filing fee over time with deductions from your prison trust account.

The court has screened your complaint, and finds that your claims for injunctive relief against the directors of the California Department of Corrections and Rehabilitation and Board of Parole Hearings cannot support relief because you do not have a constitutional right to DHS placement or parole. Therefore, the magistrate judge recommends to the district judge that these claims and defendants be dismissed.

The court is also dismissing your miscellaneous motions – motion for the court to accept a reduced number of copies, ECF No. 10; motion to screen the complaint, ECF No. 13; and motion for extended time to pursue an appeal, ECF No. 15 – as moot.

However, because your allegations focus on the alleged inadequacies of the mental health treatment you are receiving, you are granted leave to file a First Amended Complaint to attempt to state a cognizable claim for deliberate indifference to your serious mental health needs. The court has provided you guidance in how to frame a deliberate indifference claim against a specific defendant or defendants.

VII. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 8, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, ECF No. 1, is dismissed with leave to file a proposed First Amended Complaint within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

4. Plaintiff's miscellaneous motions, ECF Nos. 10, 13, 15, are denied as moot.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

Additionally, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims for prospective injunctive relief – for a new hearing before the Board of Parole Hearings and transfer to the California Department of Mental Health – be dismissed; and

2. Defendants Beard and Shaffer also be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE