UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ECKSTROM,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | No. 2:16-cv-0275 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

I.     <u>Introduction</u>

    Plaintiff is a state prisoner incarcerated at the California Health Care Facility (CHCF) in Stockton, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se and in forma pauperis with a First Amended Complaint (FAC) filed July 5, 2018, pursuant to 42 U.S.C. § 1983, which the court now screens pursuant to 28 U.S.C. § 1915A. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned recommends the dismissal of this case without further leave to amend.

II.     <u>Legal Standards for Screening Prisoner Civil Rights Complaint</u>

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

III. Dismissal of Plaintiff's Original Complaint

In findings and recommendations filed May 2, 2018, and order filed June 12, 2018, this court screened and dismissed plaintiff's original complaint with leave to file an amended complaint. See ECF Nos. 22, 27. The court recounted the allegations of the original complaint as follows:

> The complaint challenges the quality of mental health care plaintiff is receiving at CHCF and the refusal of the California Board of Parole Hearings (BPH) to transfer plaintiff to a treatment program within the California Department of Mental Health (DMH). Plaintiff describes a "Catch 22" in which the BPH, in 2006 and 2013, denied plaintiff parole (and, apparently, transfer to DMH), in deference to the assessments of Drs. Sargent, Oyeyemi and Sahni that plaintiff continues to require an intensive and structured therapeutic environment that plaintiff asserts he is not receiving within CDCR. . . . Plaintiff identifies [several] alleged inadequacies in the mental health treatment he receives within CDCR . . . .
>
> The complaint alleges that the BPH improperly relied on submitted psychological assessments to conclude that plaintiff's underlying crimes [four related murders in 1973, when plaintiff was 23] were the product of his mental illness, and thus indicative of his ongoing mental illness, despite the jury rejecting plaintiff's diminished capacity defense at trial. Plaintiff contends that, as a matter of due process, the BPH should rely on the findings of the jury or reconvene a parole reconsideration hearing that includes the live testimony of witnesses and a six-person jury to reach new and accurate findings concerning plaintiff's mental condition and entitlement to parole.
>
> The complaint identifies [only] two claims [both] for prospective injunctive relief: (1) transfer of plaintiff to DMH; and (2) a new parole hearing. The complaint names two defendants: former CDCR Secretary Jeffrey Beard, and BPH Executive Officer Jennifer Shaffer. . . .
>
> Plaintiff references a prior habeas petition he filed in the Central District of California, which included the same claims and was dismissed on December 13, 2013. See Eckstrom v. Valenzuela, Case No. SA CV 13-990-TJH (AS), see ECF Nos. 26, 30, 31. The Central District found plaintiff's first claim – that he was "not receiving proper mental health care and requests a transfer to a state mental hospital" – noncognizable in habeas but stated that it may be cognizable under 42 U.S.C. § 1983. The court also found that plaintiff's second claim – challenging the BPH's decision denying plaintiff parole – failed to state a procedural due process claim.

ECF No. 22 at 3-4. Upon screening, the court found that neither claim was cognizable because prisoners have no constitutional right (1) to placement in a particular facility, id. at 5-6 (citations omitted), or (2) to challenge the decision of the BPH provided certain procedural requirements

3

were met, id. at 7-8 (citations omitted). The court dismissed both claims and both defendants. See ECF No. 27 at 2.

Nevertheless, the court granted plaintiff leave to file an amended complaint to attempt to state a cognizable claim for deliberate indifference to his serious mental health needs. The court set forth the applicable legal standards and emphasized that "to properly state a cognizable claim, plaintiff must identify specific providers whose direct personal care of plaintiff has allegedly been constitutionally inadequate." ECF No. 22 at 6. The court cautioned that "[t]he subjective nature of this inquiry requires that a claim for deliberate indifference be directed to the challenged conduct of a specific defendant or defendants." Id.

IV. Screening of Plaintiff's First Amended Complaint (FAC)

Pursuant to 28 U.S.C. § 1915A, the court now screens plaintiff's FAC filed July 5, 2018. See ECF No. 31 (49 pages). For present purposes, this screening includes plaintiff's "Memorandum in Support of Exhibits" to the FAC, ECF No. 36 (139 pages), which was filed with the court's permission, ECF No. 35.

The FAC identifies fifteen defendants, including the defendants previously dismissed from this action with prejudice (the CDCR Secretary[1] and BPH Executive Officer Shaffer). The remaining defendants are two other BPH commissioners, the CHCF Warden, Director of the California Correctional Health Care Services, and various mental health professionals and supervisors at CHCF and the California Medical Facility (CMF), where plaintiff was previously incarcerated. See ECF No. 31 at 1-4.

The FAC identifies three putative claims: (1) deliberate indifference to plaintiff's serious mental health needs (framed as "Right under Eighth Amendment U.S. Constitution to adequate needed psychiatric treatment of major mental illness"), see ECF No. 31 at 6-20, ECF No. 31-1 at 10-6; (2) violation of plaintiff's procedural due process rights by the Board of Parole Hearings, see ECF No. 31 at 21-3, ECF No. 31-1 at 17; and (3) violation of plaintiff's Sixth and Fourteenth Amendment rights "to a six-man jury of citizens to determine elements of the offense" when the

---

[1] Former CDCR Secretary Beard was dismissed; plaintiff now names current CDCR Secretary Kernan on the same grounds.

BPH "anew determin[ed] [the] elements of my offense," see ECF No. 31 at 23-4, ECF No. 31-1 at 18.

The court addresses these matters in reverse order. Plaintiff's Claim Three (claim two in the original complaint) is dismissed for the reasons previously identified by this court. See ECF No. 22 at 7-8. While framed as a vehicle for asserting alleged procedural irregularities in the BPH hearing and decision, Claim Two is no more than a restatement of Claim Three. It, too, is dismissed for the reasons previously stated by the court. Id.

Plaintiff's Claim One (like the first claim in his original complaint) is broadly premised on plaintiff's dissatisfaction with the quality of his mental health treatment within CDCR, his request for transfer to the DMH, and his contention that the BPH's refusal to grant plaintiff parole is based on the unavailability of adequate treatment within CDCR, which plaintiff characterizes as a "Catch 22." For the reasons previously stated by this court, plaintiff's request for transfer to the DMH[2] and his challenge to the BPH's substantive decisions do not state cognizable federal claims. The court has carefully reviewed plaintiff's allegations in support of this claim in the attempt to identify any cognizable deliberate indifference claim against a specific defendant within the parameters previously set forth by the court. See ECF No. 22 at 6. However, the undersigned finds plaintiff's wide-ranging allegations insufficient to state a cognizable Eighth Amendment claim against any of the variously identified mental health professionals and supervisors at CHCF and CMF.

The court next addresses plaintiff's broader "Catch 22" claim that his mental health care within CDCR is constitutionally defective because it fails to provide him with sufficiently adequate treatment to obtain the approval of the BPH for plaintiff's conditional release. Plaintiff alleges that he "suffers mental anguish of being denied parole year after year based on his not receiving adequate psychiatric care and then being blamed for the lack of care." ECF No. 31-1 at 15.

---

[2] Review of plaintiff's many exhibits demonstrates that he was in fact previously treated through the Department of State Hospitals, specifically, at Atascadero State Hospital, from 1979 to 1987 and 1993-95. See ECF No. 36 at 94.

A similar claim was rejected by other judges of this district in Anderson v. Kernan et al., Case No. 1:16-cv-00369 LJO BAM (PC). See id., ECF Nos. 19, 26. Anderson claimed in pertinent part that he could not lower his risk score, rendering him eligible for parole, because CDCR did not provide the requisite treatment. He alleged "that the state is prolonging his sentence by impeding his ability to qualify for parole and he will not be able to the meet the criteria of the BPH panel for the next hearing or any other hearing because he cannot show evidence that he participated in the required programs, groups, therapy, treatment and education." Andersen v. Kernan, 2017 WL 5608089, at *2, 2017 U.S. Dist. LEXIS 192911, at *5 (E.D. Cal. Nov. 21, 2017), subsequently aff'd, 735 Fed. Appx. 463 (9th Cir. 2018).

The district court in Anderson ruled as follows: (1) "prisoners have no liberty interest in rehabilitative programs arising directly from the Constitution" (citing Moddy v. Daggett, 429 U.S. 78, 88 n.9 (1976), and Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985)), or "for purposes of parole [because] . . . participation is not statutorily required for parole suitability" (citing "Cal. Code Regs tit. 15, § 2281 (programming only one of several factors to be considered when determining suitability for parole"); (2) prisoners have no "liberty interest in parole arising from the Constitution" provided the denial of parole meets minimal procedural requirements, viz., the prisoner was present at the hearing, had an opportunity to be heard, and was provided a statement of reasons for the BPH's decision (citing Swarthout v. Cooke, 562 U.S. 216 (2011)); (3) the claim that "the State has failed to provide affirmative assistance in meeting BPH's criteria for early release" does not state a substantive due process violation because the challenged conduct is not "arbitrary, or shock the conscience and violate the decencies of civilized conduct" (citing County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998)); and (4) the claim also fails to demonstrate cruel and usual punishment because "deprivation of rehabilitation and educational programs does not violate the Eighth Amendment" (citing Rhodes v. Chapman, 452 U.S. 337, 348 (1981)). See Andersen, 2017 WL 5608089, at *2-4, 2017 U.S. Dist. LEXIS 192911, at *5-12.[3]

---

[3] The Ninth Circuit Court of Appeals recently affirmed this decision, by written memorandum setting forth reasoning and authority consistent with that of the district court. See Anderson v.

The undersigned agrees with the reasoning of Anderson, and finds that the authorities cited therein demonstrate that plaintiff 's "Catch 22" theory fails to state a cognizable federal claim.

Finally, the court notes that plaintiff's reliance on Coleman v. Brown, Case No. 2:90-cv-0520 KJM DB P (E.D. Cal.) is misplaced. Plaintiff appears to be member of the Coleman plaintiff class ("all inmates with serious mental disorders who are now or will in the future be confined within the California Department of Corrections"). See id., ECF No. 109 at 4-5. Such membership precludes "[i]ndividual suits for injunctive and equitable relief from alleged unconstitutional prison conditions that are the subject of [the] existing class action." Jones v. Vail, 2012 WL 1988291, at *3, 2012 U.S. Dist. LEXIS 77187, at *7-8 (S.D. Cal. 2012) (citations and internal quotation marks omitted); accord, Dominguez v. Department of Mental Health, 2012 WL 4468441, at *5-6, 2012 U.S. Dist. LEXIS 138637, at *14-8 (E.D. Cal. 2012). Conversely, to obtain individual equitable relief on a matter that is not encompassed by Coleman, the challenged matter must present a cognizable federal claim. Plaintiff's reliance on Coleman does not render cognizable his otherwise noncognizable claims.

V. Dismissal Without Leave to Amend

For the foregoing reasons, the court finds that plaintiff has failed to state a claim in his proposed FAC, ECF No. 31, or his supporting memorandum, ECF No. 36. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable federal claim and, thus, that further amendment in this case would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Therefore, the undersigned will recommend the dismissal of this case in its entirety without further leave to amend.

////

---

Kernan, 735 Fed. Appx. 463 (9th Cir. Aug. 23, 2018).

VI. <u>Conclusion</u>

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without further leave to amend for failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 4, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE