UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ECKSTROM, | No. 2:16-cv-0275 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 5, 2018, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 38. The objection period was extended through January 14, 2019. ECF No. 40. Plaintiff has now timely filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. For the reasons explained below, the court declines to adopt the recommendation that this action be dismissed. The magistrate judge's findings are adopted to the extent consistent with this order.

1

Sections I-III of the findings and recommendations are adopted in full and incorporated in this order by reference. The court also adopts Section IV of the findings and recommendations from page 4, line 11 through page 5, line 7, except to note that effective September 1, 2018, Ralph Diaz became the acting Secretary of the California Department of Corrections and Rehabilitation (CDCR), in place of former Secretary Scott Kernan. *See* ECF No. 38 at 4. n.1; *see also* https://www.cdcr.ca.gov/About_CDCR/Secretary.html.

The court declines to adopt the findings and recommendations with respect to plaintiff's first claim for relief. Plaintiff claims he is being denied adequate mental health care in violation of his rights under the Eighth Amendment, and that as a consequence the California Board of Parole Hearings is denying him parole. *See* ECF No. 31 at 20. Petitioner specifically alleges he "is in need of a diagnostic evaluation as to whether he is schizoid or not for Parole Board and treatment purposes" and that staff at California Men's Colony and California Health Care Facility have "refused to do the evaluation." ECF No. 31 at 14, 20. Plaintiff also alleges the Board of Parole Hearings "is dissatisfied with p[laintiff]'s level of treatment as an EOP [Enhanced Outpatient Program] and refuses to parole p[laintiff] on that basis." *Id.* at 14. Plaintiff alleges he is not receiving the level of mental health care "found necessary" by two prison psychologists in their reports to the Board of Parole Hearings. *Id.* Plaintiff seeks injunctive relief in the form of an order requiring him to be transferred, or paroled, to a state mental hospital. *Id.* at 20.

To state a cognizable Eighth Amendment claim based on inadequate mental health care, plaintiff must allege he suffers from a serious mental health condition, and that prison officials have acted with deliberate indifference to his need for treatment of that condition. *See Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

> A medical need is serious if failure to treat it will result in "'significant injury or the unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc)). A prison official is deliberately indifferent to that need if he "knows of and disregards an excessive risk to inmate

2

| | |
|---|---|
| 1 | health." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). |
| 2 | |

*Peralta*, 744 F.3d at 1081-82. As discussed above, plaintiff alleges he suffers from serious mental illness, and he is being denied testing and treatment deemed necessary by at least two psychologists. The fact that plaintiff complains about the parole consequences of this alleged Eighth Amendment violation does not alter the fact that he has stated a cognizable Eighth Amendment claim. Plaintiff neither contests, nor seeks review of, any aspect of the parole denials predicated on the lack of mental health care. *Cf. Swarthout v. Cooke*, 562 U.S. 216 (2011). Plaintiff's Eighth Amendment claim is predicated on the substance of those decisions, which he alleges included requirements for mental health care that he has not received. Moreover, his claim does not involve a request for rehabilitative programming as the magistrate judge's case citations suggest; his claim rather is based on alleged denial of adequate mental health care. *Cf.* ECF No. 38 at 6. Finally, plaintiff's apparent membership in the plaintiff class in *Coleman v. Newsom*, Case No. 2:90-0520 KJM DB P (E.D.Cal.), does not preclude his seeking injunctive relief related to his own mental health care where, as here, the claim is not duplicative of the systemic relief at issue in the *Coleman* case. *See Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013).

Plaintiff's First Amended Complaint is deficient in this respect: plaintiff has not alleged which defendant or defendants have been involved in the alleged denial of adequate mental health care, or what any of them did or did not do that contributed to the alleged constitutional violation. For this reason, plaintiff's First Amended Complaint will be dismissed with leave to file a second amended complaint within thirty days. Plaintiff may proceed on his claim of Eighth Amendment denial of adequate mental health care, but to do so he must name specific defendants and allege specific acts or omissions by each of the named defendants that contributed to the alleged denial.

Finally, given the nature of plaintiff's allegations, the Clerk of the Court will be directed to send a copy of plaintiff's First Amended Complaint together with a copy of this order to counsel for the plaintiff class in *Coleman v. Newsom*.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 5, 2018, are not adopted except as consistent with this order;

2. Plaintiff's first amended complaint is dismissed with leave to file a second amended complaint within thirty days from the date of this order. If plaintiff chooses to file a second amended complaint, he should raise only his Eighth Amendment claim of denial of adequate mental health care and he must name specific defendants and allege specific acts or omissions by those defendants that contributed to the alleged Eighth Amendment violation;

3. The Clerk of the Court is directed to send a copy of plaintiff's first amended complaint and a copy of this order to Lisa Ells, Esq., Rosen Bien Galvan & Grunfeld LLP, 101 Mission Street, Sixth Floor, San Francisco, California 94105-1738; and

4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: February 6, 2019.

_____
UNITED STATES DISTRICT JUDGE