UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ECKSTROM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-0275 KJM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner incarcerated at the California Health Care Facility (CHCF) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

By order filed February 7, 2019, the district judge granted plaintiff leave to file a Second Amended Complaint (SAC) for the limited purpose of attempting to state a cognizable Eighth Amendment claim based on the alleged deliberate indifference to plaintiff's serious mental health needs. See ECF No. 43. Plaintiff was advised that to "proceed on his claim of Eighth Amendment denial of adequate mental health care . . . he must name specific defendants and allege specific acts or omissions by each of the named defendants that contributed to the alleged denial." Id. at 3.

The undersigned has attempted to screen plaintiff's SAC pursuant to 28 U.S.C. § 1915A. The SAC, like plaintiff's prior complaints, recounts his mental illness diagnoses and treatment history, identifies his health care providers over the years and currently, and generally assails the quality of mental health treatment he has received while incarcerated in CDCR, including referral to an insufficient number of quality therapeutic groups and to too many unhelpful recreational groups. See ECF No. 46. The SAC, like plaintiff's prior pleadings, again seeks an order of this court directing that he be given an independent psychiatric evaluation and transferred from CDCR to a state mental hospital.

Plaintiff was previously informed that his desire for a transfer does not state a cognizable constitutional claim, nor is relief in the form of a transfer available. See ECF No. 22 at 5-6. A difference of medical opinion concerning a prisoner's mental health treatment or diagnostic needs – including whether to obtain an independent psychiatric evaluation – does not support an Eighth Amendment claim. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [plaintiff's] serious medical needs.") (citations omitted.)

Moreover, the limited portion of the SAC in which plaintiff attempts to identify the challenged conduct of potential defendants is inadequate. See ECF No. 46 at 35-6[1] (conclusory statements that various putative defendants "placed" plaintiff in ineffective recreational groups, "denied [his] transfer" to a mental hospital, "denied [him] easy access" to adequate mental health treatment groups, and "denied [him] psychological testing," etc.). These allegations reference other pages within the SAC, as well as numerous exhibits (set forth, inter alia, at ECF No. 36). The undersigned has attempted to "match" plaintiff's conclusory statements with the challenged conduct of each defendant for the purpose of identifying a cognizable Eighth Amendment claim, but the task has proven unwieldy and requires speculation. It is not the responsibility of this court to construct the narrative and substance of plaintiff's factual allegations and legal claims.

For these reasons, plaintiff will be given one final opportunity to clarify his allegations

---

[1] This citation reflects the electronic pagination of plaintiff's SAC; the cited pages were originally designated by plaintiff as pages 32 and 33.

and claims.  Plaintiff will be directed to prepare and submit a short supplement to the SAC (no more than ten pages) that clearly outlines his allegations and claims.  The court will then incorporate this material in its screening of the entire SAC pursuant to 28 U.S.C. § 1915A.

Plaintiff is informed that because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must plausibly allege that each named defendant acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 297 (1991) (citations, internal quotation marks and emphasis omitted).  It is not enough, for example, to allege that a defendant denied a request for specific treatment.  To state an Eighth Amendment claim for deliberate indifference to his serious mental health needs, plaintiff must allege facts *as to each discrete denial of treatment* supporting a reasonable inference that each defendant "knew of and disregarded" a specific risk to plaintiff's mental health; that is, that each defendant was aware of a specific substantial risk of serious harm to plaintiff, yet ignored the risk.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Stated differently, plaintiff must precisely explain the who-what-when-where-why-and-how of his deliberate indifference claim against each identified defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall, within thirty (30) days after service of this order, submit to the court a "Supplement to the SAC," which shall not exceed ten (10) pages, that precisely alleges how each defendant currently identified at pages 35 and 36 of the SAC (see n.1, supra) was deliberately indifferent to plaintiff's serious mental health needs.

2. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of his endorsed and electronically-paginated Second Amended Complaint (ECF No. 46).

3. Failure to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

DATED: July 31, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE