1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11 | CARL ECKSTROM,                          No. 2:16-cv-0275 KJM AC P
12 |                Plaintiff,
13 |        v.                               ORDER
14 | JEFFREY BEARD, et al.,
15 |                Defendants.
16
17       Plaintiff is a state prisoner at the California Health Care Facility (CHCF), proceeding pro
18 se and in forma pauperis with this civil rights action. This action proceeds on the Operative
19 Second Amended Complaint (SAC) against defendants Bick, Barker, Benson, Dovey and
20 Eldridge. ECF No. 46. All defendants have appeared in this action, and the deadline for filing
21 and serving all responses to the complaint is March 23, 2020.
22       Currently pending is plaintiff's request for appointment of counsel. ECF No. 75. Plaintiff
23 avers that he requires appointment of counsel because he is indigent, imprisoned and has limited
24 access to the prison law library (which he describes as four Lexis computer terminals for which
25 he needs training). Plaintiff also avers that he is housed in the Enhanced Outpatient Program
26 (EOP) and his mental health treatment commitments diminish the time he is available to go to the
27 library. Finally, plaintiff asserts that "[h]eavy attendance at Legal Library will force me into
28 contact with Main-Line Inmates . . . on a regular basis," which he anticipates would put him at

risk of murder by a member of, or proxy for, the Mexican Mafia (EME). Id. at 2. Plaintiff explains that, in contrast, "[i]rregular and infrequent attendance at Legal Library would not alert someone to be aware I am around them, with time to intercept my passage." Id.

District courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on plaintiff. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of voluntary counsel. Id.

Most of plaintiff's reasons for seeking appointment of counsel are those common to most prisoners and therefore do not present the requisite exceptional circumstances supporting such appointment. Palmer, 560 F.3d at 970. Regarding plaintiff's safety concerns, the undersigned takes judicial notice of Eckstrom v. Hoshino, Case No. 2:16-cv-00538 TLN EFB P.[1] In that case, "plaintiff [alleged] that he suffered attempts on his life by the Mexican Mafia in 1974, 1981, and 1991. . ." Id., ECF No. 26 at 4:17-9 (Findings and Recommendations). The record of that case includes a Director's Level Decision dated May 22, 1992, rejecting plaintiff's request for protective custody status and/or a transfer to Atascadero State Hospital. Id., ECF No. 23 at 91-93. Plaintiff sought protection in light of a contract on his life issued by the Mexican Mafia in response to his 1973 commitment offense. Id. The 1992 Decision denied plaintiff's request,

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

2

relying in part on CMF's assessment that plaintiff's "protective custody needs were in excess of fifteen years old." Id. at 92. The undersigned concludes that any risk is likely even more remote now, given the passage of time. In any case, plaintiff's safety concerns do not constitute the type of exceptional circumstance that indicates a need for counsel.

Finally, the factual development of this case remains outstanding, as no schedule has yet been set for discovery. It is, therefore, premature to assess the likelihood of plaintiff's success on the merits of his claims or the complexity of those claims and plaintiff's continued ability to pursue this case pro se.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 75, is denied without prejudice.

DATED: March 10, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE